IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

JAMES ANDREW POLT,

        Plaintiff,

v.

ALASKA HOUSING FINANCE CORPORATION,

        Defendant.

Case No. 3:23-cv-00081-SLG

## ORDER OF DISMISSAL

On April 18, 2023, self-represented litigant James Andrew Polt ("Plaintiff") filed a civil rights complaint ("Complaint"), a civil cover sheet, and an application to waive the filing fee.[1] Plaintiff alleges the Alaska Housing Finance Corporation ("AHFC") is retaliating against him because he filed previous civil discrimination cases against AHFC.[2] Specifically, Plaintiff claims that two "quiet time reprimands" he received in April 2021 were retaliatory. Plaintiff seeks an order requiring AHFC to "stop the retaliatory actions." The Court now screens Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A.

---

[1] Docket 1-3.

[2] Docket 1. *See Polt v. Alaska Housing Finance Corporation*, Case Nos. 3:11-cv-00055-SLG, 3:14-cv-00226-SLG, 3:22-cv-00028-RRB.

## SCREENING STANDARD

In all civil cases in which a self-represented litigant has filed a motion to waive the filing fee, federal law requires the federal district court to screen the claims made in the complaint. Under 28 U.S.C. §§ 1915, 1915A, a complaint must be dismissed if the action is:

(i) frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief from a defendant who is immune from such relief.[3]

Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[4] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[5]

## DISCUSSION

Plaintiff alleges that AHFC started enforcing quiet-time hours from 10 p.m. to 7 a.m. sometime in 2015, and he received one reprimand that year.[6] Then, in

---

[3] 28 U.S.C. § 1915(e)(2)(B).

[4] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[5] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

[6] Docket 1 at 3.

Case No. 3:23-cv-00081-SLG, *Polt v. Alaska Housing Finance Corporation*
Order of Dismissal
Page 2 of 8
Case 3:23-cv-00081-SLG   Document 5   Filed 09/15/23   Page 2 of 8

2020, Plaintiff claims that the quiet-time restrictions were formally added to the lease packet.[7] Plaintiff claims he then received two additional quiet-time reprimands—one on approximately April 2, 2021, and another on April 21, 2021. Plaintiff believes a "neighbor lady" complained in both instances, but he is concerned Defendant is retaliating against him by issuing these violations that are "accumulating on his [apartment] record."[8] Plaintiff claims that AHFC may not be purposely retaliating against him, but that AHFC is at least subconsciously retaliating against him because of the discrimination cases he brought against AHFC in 2011 and 2014.[9]

Plaintiff's Complaint identifies 42 U.S.C. § 1983 ("Section 1983") as the source of the Court's jurisdiction. For relief, he seeks an order requiring AHFC to "stop" its retaliatory actions, by not issuing any more quiet time reprimands against him for "slighter type sounds."[10] As explained below, Plaintiff's Complaint fails to state a plausible claim for injunctive relief against AHFC under either Section 1983 or the Americans with Disabilities Act[11] and must be dismissed.

---

[7] *Id.*

[8] Docket 1 at 4.

[9] Docket 1 at 4.

[10] Docket 1 at 6.

[11] 42 U.S.C. § 12101 et seq. (1990).

Case No. 3:23-cv-00081-SLG, *Polt v. Alaska Housing Finance Corporation*
Order of Dismissal
Page 3 of 8
Case 3:23-cv-00081-SLG   Document 5   Filed 09/15/23   Page 3 of 8

## I. REQUIREMENTS TO STATE A CLAIM

To determine whether a complaint states a valid claim on which relief may be granted, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[12] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[13] Factual allegations may not be speculative; rather, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14]

## II. AMERICANS WITH DISABILITIES ACT

The Americans with Disabilities Act ("ADA") contains an anti-retaliation provision.[15] To establish a prima facie claim of retaliation under the ADA, a plaintiff must show that: (1) he engaged in a protected activity; (2) the defendant knew he was involved in a protected activity; (3) an adverse action was taken against him; and (4) a causal connection exists between the protected activity and the adverse action.[16]

---

[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[13] *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[14] *Ashcroft*, 556 U.S. at 678.

[15] 42 U.S.C. §12203(a); 28 C.F.R. § 35.134.

[16] *Pardi v. Kaiser Foundation Hosp.*, 389 F.3d 840, 849 (9th Cir. 2004); *Alex G. v. Board of*

Case No. 3:23-cv-00081-SLG, *Polt v. Alaska Housing Finance Corporation*
Order of Dismissal
Page 4 of 8
Case 3:23-cv-00081-SLG   Document 5   Filed 09/15/23   Page 4 of 8

A private party such as Plaintiff may obtain injunctive relief against a state agency such as AHFC under the ADA.[17] However, in order to obtain such relief, a plaintiff must demonstrate a "real and immediate threat of repeated injury" in the future.[18] Past wrongs do not in themselves amount to a real and immediate threat of the requisite future injury.[19] Plaintiff has not plausibly alleged facts that, if proven, would demonstrate that the two quiet time reprimands he received in April 2021 were causally connected to the prior ADA complaints he filed in 2011 and 2014. Rather, he has acknowledged that a neighbor had complained about the noise he was making in April 2021 and has alleged no facts that would indicate that AHFC issued the reprimands because of the prior discrimination complaints that he pursued. Nor has Plaintiff has plausibly alleged facts that, if proven, would demonstrate that there is a real and immediate threat of any repeated reprimands likely to occur in the future, particularly as he filed the complaint two years after the reprimands occurred. Therefore, Plaintiff has failed to state a claim for relief against AHFC under the ADA. Nor, given the extended duration between the events that have occurred, are there any additional facts that Plaintiff could plead that are consistent with the facts pled that could possibly cure this deficiency.

---

*Trustees,* 387 F.Supp.2d 1119, 1128 (E.D. Cal. 2005).

[17] *Alvarado v. Cajun Operating Co.,* 588 F.3d 1261 (9th Cir. 2009).

[18] *Chapman v. Pier 1 Imports (U.S.) Inc.,* 631 F.3d 939, 948 (9th Cir. 2011).

[19] *Fortyune v. Am. Multi-Cinema, Inc.,* 364 F.3d 1075, 1081 (9th Cir. 2004).

Case No. 3:23-cv-00081-SLG, *Polt v. Alaska Housing Finance Corporation*
Order of Dismissal
Page 5 of 8
Case 3:23-cv-00081-SLG   Document 5   Filed 09/15/23   Page 5 of 8

Accordingly, dismissal without leave to amend of a claim under the ADA is warranted.

### III. CIVIL RIGHTS CLAIMS UNDER 42 U.S.C. § 1983

42 U.S.C. § 1983 ("Section 1983") "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States."[20] Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere, such as the right to free speech under the First Amendment.[21] To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law.[22]

As the Court has previously informed Plaintiff, he may not bring a Section 1983 claim against AHFC.[23] The State of Alaska and state agencies, such as AHFC[24], are not considered "persons" from whom relief can be obtained under 42

---

[20] *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).

[21] *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

[22] *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

[23] *Polt v. Alaska Housing Finance Corporation,* Case No. 3:22-cv-00028-RRB, Docket 4 at 10.

[24] The Alaska Housing Finance Corporation ("AHFC") is a public corporation and government instrumentality of the State of Alaska. AHFC About Us, https://www.ahfc.us/about-us (last visited September 14, 2023).

Case No. 3:23-cv-00081-SLG, *Polt v. Alaska Housing Finance Corporation*
Order of Dismissal
Page 6 of 8
Case 3:23-cv-00081-SLG   Document 5   Filed 09/15/23   Page 6 of 8

U.S.C. § 1983.[25] Therefore, Plaintiff's Section 1983 claim against AHFC cannot proceed and permitting Plaintiff an opportunity to try to amend to state such a claim against AHFC would be futile.

## CONCLUSION

Plaintiff's Complaint has not alleged sufficient facts, that if proven, would state a plausible claim for relief under either the Americans with Disabilities Act or pursuant to Section 1983. The Court finds amendment would be futile. Therefore, this action is DISMISSED.[26]

**IT IS THEREFORE ORDERED:**

1. The Complaint is **DISMISSED** for failure to state a claim upon which relief can be granted. The Court finds amendment would be futile.

2. All pending motions are **DENIED as moot.**

3. The Clerk of Court is directed to enter a final judgment accordingly.

DATED this 15th day of September 2023, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[25] *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989).

[26] *Alabama v. Pugh,* 348 U.S. 781 (1978); *In re New York*, 256 U.S. 490, 497 (1921); *see also Hans v. Louisiana*, 134 U.S. 1, 15 (1890).

Case No. 3:23-cv-00081-SLG, *Polt v. Alaska Housing Finance Corporation*
Order of Dismissal
Page 7 of 8
Case 3:23-cv-00081-SLG   Document 5   Filed 09/15/23   Page 7 of 8

Case No. 3:23-cv-00081-SLG, *Polt v. Alaska Housing Finance Corporation*
Order of Dismissal
Page 8 of 8
Case 3:23-cv-00081-SLG   Document 5   Filed 09/15/23   Page 8 of 8